UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KELLY COUSINS | CIVIL ACTION |
| VERSUS | NO. 09-3656 |
| SMITH & WESSON CORP. | SECTION "N" (5) |

## ORDER AND REASONS

Presently before the Court is Plaintiff's Motion for Extension of Deadlines (Rec. Doc. 20). Plaintiff asks the Court to allow him to utilize the report and resume of Mr. Morey Butler despite his failure to provide the report to Defendant in accordance with the December 2, 2009 deadline established by the Court's July 8, 2009 scheduling order (Rec. Doc. 7). Plaintiff's request arises from Defendant's summary judgment argument that, given Plaintiff's failure to timely submit an expert report, he will not be able to provide the expert testimony necessary to support his claims brought under the Louisiana Products Liability Act, La. R.S. 9:2800.52, *et seq*. *See* Rec. Docs. 12 and 2-1. To the limited extent stated herein, **IT IS ORDERED** that Plaintiff's motion is **GRANTED**.

Rule 16(b) of the Federal Rules of Civil Procedure allows scheduling orders to be amended for good cause. *See* Fed. R. Civ. P. 16(b). In reviewing a determination that a requested extension should not be allowed and certain evidence therefore excluded, the Fifth Circuit considers four factors: (1) the explanation for the failure to comply with the deadline; (2) the importance of the testimony or other evidence to be utilized; (3) the potential prejudice in allowing the proposed evidence; and (4) the availability of a continuance to cure such prejudice. *See Betzel v. State Farm*

*Lloyds,* 480 F.3d 704, 707 (5th Cir. 2007) (quoting *Geiserman v. MacDonald,* 893 F.2d 787, 791 (5th Cir.1990)).

Although Plaintiff offers no compelling excuse for his non-compliance with the December 2, 2009 deadline, the Court recognizes that expert testimony often is needed to prove products liability claims. Furthermore, Plaintiff's July 21, 2009 interrogatory responses undisputedly communicated Mr. Butler's identity and Plaintiff's intent to offer Mr. Butler as an expert witness. Additionally, in August 2009, Plaintiff provided Defendant with a video of Mr. Butler's testing of the firearm that is the subject of this litigation. In fact, Defendant's own proffered expert, James Hutton, discussed the video in his December 31, 2009 report. Finally, to the extent that Defendant desires to depose Mr. Butler, but has not done so, Plaintiff has offered, and the Court will order, that Mr. Butler be deposed after the discovery deadline.

Given the foregoing, the Court, in this particular instance, grants Plaintiff's motion to the extent that Mr. Butler's report and resume will not be excluded from the Court's consideration <u>solely</u> because it was not provided to Defendant in accordance with the Court's deadline. This ruling does not mean, however, that the Court will not consider Defendant's arguments regarding the report's non-compliance with Rule 26(a) of the Federal Rules of Civil Procedure, and the relevance and reliability of Mr. Butler's opinions, in connection with Defendant's pending summary judgment motion and/or a timely filed motion in limine. *See* Rec. Doc. 7.

New Orleans, Louisiana, this <u>17th</u> day of March 2010.

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

**Clerk to Copy**:
Chief Magistrate Judge Chasez